**Julius PARHAM, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

**No. 24671.**

Missouri Court of Appeals, Southern District, Division Two.

June 14, 2002.

Arthur Allen, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Sara L. Trower, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Presiding Judge.

Julius Parham ("Movant") appeals from the denial of his Rule 29.15[1] motion for post-conviction relief. On appeal, Movant alleges that the motion court clearly erred in denying his claim that his appellate counsel was ineffective for failing to raise the sufficiency of the evidence as an issue in Movant's direct appeal. We affirm.

On January 18, 1997, Movant, Heidi Kidd ("Kidd"), Andrea Fuzzell ("Fuzzell"), and Terry Dickson ("Dickson") were traveling in Fuzzell's car to a convenience store. On the way to the store, Dickson and Movant stated that they needed money, and Movant suggested they rob someone. When they arrived at the convenience store, Dickson and Movant used a pay phone to call a cab.

Robert Forbis ("Forbis") was working the evening shift when his cab was dispatched to the convenience store to pick up Dickson and Movant. When Forbis pulled into the convenience store parking lot, Dickson entered the front seat of the cab and Movant got into the back seat. At that time, Movant had a knife tucked into his pants. Dickson and Movant asked Forbis to drive them to an apartment complex. While in transit, they asked Forbis if he had ever been robbed and what he would do if such a situation occurred. They also asked if Forbis had change for a one hundred dollar bill. Forbis informed them that he could not make change because he only carried twenty dollars.

Kidd and Fuzzell followed the cab to the parking lot of the apartment complex. When the cab arrived at the apartment building, Dickson went inside to get change. He returned in a few minutes and said Forbis would have to drive them to a McDonald's restaurant to get change. Kidd and Fuzzell remained in their car at the apartment complex.

Forbis drove Dickson and Movant to McDonald's, and both men went inside. Forbis saw them in line, but lost sight of them for two or three minutes while they were in McDonald's. Dickson and Movant returned to the cab, and Forbis drove them back to the apartment building. When the cab pulled into the parking lot,

---

1. All rule references are to Missouri Rules of Criminal Procedure (2002).

Movant reached around to the front seat of the cab from his seat in the back and held a knife to Forbis' neck. Movant told Forbis he did not want to hurt him and asked for his money. Dickson reiterated that they did not want to hurt Forbis. Dickson took Forbis' wallet, a bank bag containing maps, and the money out of Forbis' pocket. Dickson then took the keys from the car's ignition, threw them between two parked cars, and he and Movant ran from the cab.

Fuzzell and Kidd saw the cab return to the apartment building. They then saw Dickson and Movant run through the parking lot toward Fuzzell's car. Dickson and Movant got into Fuzzell's car carrying a wallet and a bank bag. They stated that they had held a knife to the cab driver and taken his money. They complained that they had not gotten very much cash and hoped that they could use Forbis' credit card. They then unsuccessfully attempted to use the credit card in an ATM machine at a local convenience store.

A few weeks later, Kidd contacted the Springfield Police Department. and told them about the robbery. Dickson and Movant were identified as suspects on the basis of this information. Corporal Allan Neal ("Corporal Neal") interviewed Kidd, Fuzzell, and Dickson. Dickson and Fuzzell confirmed Kidd's version of the events.

On March 7, 1997, Movant was arrested, and he gave a videotaped statement to Corporal Neal. In his statement, Movant admitted that he took part in the robbery and that he "put the blade on" Forbis. A jury found Movant guilty of robbery in the first degree, and he was sentenced to ten years imprisonment.

Movant filed a *pro se* motion for post-conviction relief, which was later amended. In his amended motion, Movant alleged that he received ineffective assistance of counsel because his appellate counsel did not challenge the sufficiency of the evidence in Movant's direct appeal. Movant and the State stipulated that appellate counsel had failed to raise the sufficiency of the evidence as an issue on direct appeal. They waived an evidentiary hearing on Movant's post-conviction motion, and asked the motion court to take judicial notice of the underlying file and transcript in the criminal case. The motion court denied Movant's motion for post-conviction relief. This appeal followed.

■■■ Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Leisure v. State*, 828 S.W.2d 872, 873–74 (Mo. banc 1992). A motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made. *State v. Taylor*, 944 S.W.2d 925, 938 (Mo. banc 1997).

■■■ A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances, and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Milner v. State*, 968 S.W.2d 229, 230 (Mo.App. S.D.1998). To support a Rule 29.15 motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that appellate counsel failed to assert a claim of error that would have required reversal had it been asserted and that was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it.

*Moss v. State,* 10 S.W.3d 508, 514 (Mo. banc 2000).

In the instant case, the motion court noted that "although the sufficiency of the evidence had not been expressly raised on appeal, the Court of Appeals specifically commented on the abundance of evidence supporting [Movant's] guilt." The motion court quoted from the appellate court's memorandum opinion on direct appeal:

> The evidence of [Movant's] guilt in this case was overwhelming. [Movant] admitted to police that he took part in the robbery and 'put the blade' on Forbis. From that admission alone, the jury could infer that [Movant] might have done serious bodily injury to Forbis . . . . . . [sic] This is not a close case on [Movant's] guilt.

The motion court concluded that Movant's appellate counsel "cannot be said to have been ineffective where Movant has not shown any prejudice" from appellate counsel's failure to challenge the sufficiency of the evidence.

■ The motion court's findings of fact and conclusions of law were not clearly erroneous. Movant's counsel on direct appeal raised five allegations of trial court error. These alleged errors included: 1) the trial court erred in overruling Movant's motion to suppress the statement he made to Corporal Neal, 2) the trial court erred in failing to exclude the in-court identifications of Movant by Forbis, 3) the trial court erred in allowing the State to inquire about Dickson's arrest record on cross-examination, 4) the trial court erred when it failed to grant a mistrial, *sua sponte,* during closing argument when the State described Forbis as "a hard-working man . . . a decent human being . . . just trying to earn a living," and 5) the trial court erred in allowing the State to introduce a videotaped statement made by Dickson. Here, Movant's appellate counsel exercised his professional judgment in selecting and presenting the strongest contentions of error. There is no duty to raise every possible issue on appeal. *Mallett v. State,* 769 S.W.2d 77, 83–84 (Mo. banc 1989). *See also Jones v. Barnes,* 463 U.S. 745, 751–53, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987, 992 (1983).

■ Moreover, Movant suffered no prejudice from appellate counsel's failure to challenge the sufficiency of the evidence, as the evidence of his guilt was overwhelming. Movant admitted to the police that he took part in the robbery and that he "put the blade" on Forbis. As the motion court noted, it would have been an "exercise in futility" for appellate counsel to challenge the sufficiency of the evidence on direct appeal.

The motion court did not err in denying Movant's Rule 29.15 motion as Movant failed to establish that appellate counsel was ineffective and that he was thereby prejudiced. The judgment of the motion court is therefore affirmed.

PREWITT, J., and PARRISH, J.,— concur.