Erik Thomas SANFILIPPO,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 26048.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 22, 2004.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Presiding Judge.

Erik Thomas Sanfilippo ("Appellant") appeals from the denial of his Rule 29.15[1] motion for post-conviction relief. Appellant alleges that the motion court clearly erred in denying his claim that his appellate counsel was ineffective for failing to raise, as an issue in his direct appeal, that the trial court plainly erred and abused its discretion in overruling his trial counsel's objection to a portion of the State's closing argument.

On October 9, 2000 at 8:30 P.M., Chuck Colbert ("Colbert"), a trooper with the Missouri State Highway Patrol, and deputies of the Wayne County Sheriff's Department, went to Appellant's residence, a campsite in the Hidden Valley Campground near Cascade, Missouri, to serve an unrelated arrest warrant on Appellant.

Appellant's residence consisted of a motorized recreational vehicle ("R.V.") and a "cab-over"[2] (with a washroom containing a washer and dryer built underneath it), that were connected by a covered foyer area between them. The officers approached the residence by sending three officers to the rear of the campsite, and two to the front. One of the officers noticed someone leave the foyer area and walk over to the washroom area. Colbert then approached the residence and told Steve Estes ("Estes"), a man he encountered outside the residence, that he wanted to speak with Appellant. Estes told Colbert that Appellant was in the washroom, and Colbert started walking in that direction. Derek Nash ("Nash") then came out of the R.V., and Colbert smelled a strong odor of ether that caused him to choke. Colbert testified that the smell of ether is commonly associated with the manufacture of methamphetamine.

Colbert learned from Nash that Angela Brockelmeier ("Brockelmeier") was inside the R.V. When Nash opened the door of the R.V., Colbert could see a Mason jar sitting on the counter with a coffee filter over it that had a white substance soaking in it. Colbert recognized this as an apparatus used in the production of methamphetamine. He could also see, in the reflection of a mirror, a freezer bag with a large amount of white substance in it. After seeing this, Colbert asked Brockelmeier to come out of the R.V., and told Nash, Estes, and Brockelmeier to sit down out front. One of the other officers had located Appellant in the washroom, and brought him to the front of the R.V. with the others. Colbert then left to get a search warrant for the residence at about

---

1. All rule references are to Missouri Rules of Criminal Procedure (2002) unless otherwise noted.

2. A "cab-over" is a camper that fits over the bed and roof of a pick-up truck. In this case, it was on blocks at the campsite and not currently on a pick-up.

9:10 P.M., leaving the other officers at the scene.

Colbert returned to the residence at approximately 12:45 A.M. with a search warrant. Upon his return, one of the other officers informed Colbert that a fire had broken out in the trailer and that while the officers were putting it out, Nash and Estes had entered the trailer twice. Colbert then entered the trailer to see if anything had been disturbed. Colbert found that the large bag filled with the white substance had the corner torn off of it and the contents emptied into the sink, though there was still residue in it. The Mason jar was also in the sink, with the coffee filter off of it and its contents half emptied.

Sergeant Kevin Glaser ("Glaser"), of the Southeast Missouri Drug Task Force, came to the scene to collect, preserve and catalogue the items in the R.V. before they were removed. Glaser found a quantity of methamphetamine which he believed to be of an amount intended for distribution. He also found various items, including coffee filters, digital scales, and chemicals, which are commonly used in the production of methamphetamine. Appellant was arrested and transported back to the Wayne County Sheriff's Department, along with the other people present at the scene.

Appellant was charged under Section 195.211[3] with possession of a controlled substance, methamphetamine, with intent to distribute, and attempt to manufacture a controlled substance, also methamphetamine. A jury trial was held on May 23, 2001. The jury found Appellant guilty of both possession of methamphetamine with intent to distribute, and attempt to manufacture methamphetamine. He was thereafter sentenced by the trial court, as a prior and persistent offender, to consecutive terms of thirty years imprisonment for possession of methamphetamine with intent to distribute, and twenty years imprisonment for the attempt to manufacture methamphetamine. Appellant appealed these convictions, claiming that the trial court abused its discretion and plainly erred by allowing the State to present evidence and argue in closing argument that Nash had agreed to testify "truthfully" in exchange for leniency from the State. This court affirmed Appellant's conviction in an unpublished per curiam opinion on August 9, 2002.

On November 1, 2002, Appellant filed a pro se motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 29.15 that was later amended by counsel. Appellant's amended Rule 29.15 motion alleged, inter alia, that Appellant was denied effective assistance of counsel because his appellate attorney failed to assert on direct appeal that the trial court plainly erred and abused its discretion in overruling Appellant's objection to a portion of the State's closing argument that misstated evidence and commented on matters not in evidence.

An evidentiary hearing was held on the amended motion, and the motion court issued its judgment and findings of fact and conclusions of law on December 23, 2003, denying Appellant's motion. Appellant appeals the motion court's denial of that motion.

■ Appellant claims that there was no evidence presented at trial as to whom the R.V. was registered or titled. The evidence introduced by the State was that Appellant leased the campsite and that Appellant told the campground owner that the R.V. was his. Appellant admitted at trial that he leased the campsite, but de-

---

3. All statutory references are to RSMo (2000) unless otherwise noted.

nied that he owned the R.V. Appellant claims that the prosecutor argued improperly in the following portion of his closing argument:

[Prosecutor]: ... And in this particular instance, if there was any evidence that Bill McCormick owned this particular piece of junk well, don't you think it would have been introduced by the Defense today? Don't you think that would have been an important thing for them to produce? In fact, it was licensed to somebody that hasn't owned it in years. The Defendant is the one that brought it ...

[Appellant's Counsel]: Your honor, I object. That statement in fact, is not into evidence. There was no evidence that was put on about [who] either one of those vehicles was licensed to. Now I do know that.

The Court: It is, but it's closing argument and the jury's been instructed that what the attorneys say in closing is not evidence. Objection overruled. Proceed please.

The parties agree that Appellant's trial counsel failed to preserve this issue for appeal in his motion for new trial. On direct appeal, Appellant's appellate counsel did not raise, as a claim of plain error, that the State improperly misstated the evidence as to the ownership of the R.V. in its closing argument. As his sole point on this appeal, Appellant alleges that he was denied effective assistance of appellate counsel because of that failure.

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Parham v. State*, 77 S.W.3d 104, 106 (Mo.App. S.D. 2002). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Middleton v. State*, 80 S.W.3d 799, 804 (Mo. banc 2002) (*quoting Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000)).

▆▆▆ In order for a criminal defendant to be granted post-conviction relief on the basis of ineffective assistance of counsel, the defendant must demonstrate that "his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances, and that he was thereby prejudiced." *Parham*, 77 S.W.3d at 106 (*citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)).

To support a [Rule 29.15] motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. The right to relief ... due to ineffective assistance of appellate counsel inevitably tracks the plain error rule; i.e., the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a miscarriage of justice.

*Middleton*, 80 S.W.3d at 808 (*quoting Moss*, 10 S.W.3d at 514–15).

▆▆ When an appellant does not preserve his objection for appeal by including it in his or her motion for new trial, it can be raised only as plain error. *See State v. Lebbing*, 114 S.W.3d 877, 880 (Mo.App. S.D.2003). Appellant's appellate counsel did raise one other issue of plain error on direct appeal (the matter relating to Nash) but did not raise the one in issue here. Appellant's appellate counsel, in a deposition, stated that she was *not sure why she*

did not raise as plain error the State's comments regarding ownership of the R.V. Appellant's appellate counsel stated, however, "[w]hen faced with only plain error points to raise on appeal, I generally pick the best one."

 "An attorney will not be held to be ineffective for failing to raise an unpreserved error on appeal." *Holman v. State,* 88 S.W.3d 105, 110 (Mo.App. E.D.2002) (*quoting Honeycutt v. State,* 54 S.W.3d 633, 650 (Mo.App. W.D.2001)). Additionally, "[t]here is no duty to raise every possible issue on appeal." *Parham,* 77 S.W.3d at 107. The U.S. Supreme Court has held that "appellate counsel who files a [brief challenging the merits of the case] need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756, 782 (2000) (*citing Jones v. Barnes,* 463 U.S. 745, 751–53, 103 S.Ct. 3308, 3312–14, 77 L.Ed.2d 987, 993–95 (1983)). The Court stated that "it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Id.* Also, this court owes great deference to the decisions made by appellant's counsel and there is a strong presumption that appellant's counsel's "conduct falls within the wide range of reasonable professional assistance." *Taylor v. State,* 126 S.W.3d 755, 759 (Mo. banc 2004) (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694). We cannot say, from the record before us, that the failure to raise the issue of plain error on appeal constituted ineffective assistance of counsel for which Appellant is entitled to relief.

 Even if we accept the contention that Appellant's appellate counsel should have raised this issue on direct appeal, we do not find that it would have required reversal on plain error grounds. Appellant cites many cases where convictions have been overturned because the State commented on facts not in evidence. However, Appellant would have had to show plain error in order to prevail on this issue on appeal. The court in its discretion may consider plain errors "when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. The Appellant must show that the asserted claim "facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred." *State v. Campbell,* 122 S.W.3d 736, 740 (Mo.App. S.D.2004). Here, the record does not indicate, nor does Appellant show, how the State's comments were a "manifest injustice or miscarriage of justice." There was evidence presented at trial that Appellant had informed the campground owner that the R.V. was his. Also, evidence was presented that the campsite was leased in the name of Appellant and that the R.V. was parked on the campsite and connected to the "cab-over" by a roof. Furthermore, the methamphetamine production operation was found inside the R.V. while it was parked on the campsite. Appellant's counsel objected to the State's comment at trial, but was overruled and the trial judge noted that he had given a prior curative instruction that statements of counsel were not evidence.

 This court will reverse a conviction for improper closing argument only if Appellant establishes that the comment had a decisive effect on the jury's determination. *State v. Bowles,* 23 S.W.3d 775, 782 (Mo. App. W.D.2000). Appellant has failed to do so here. Furthermore, the State's comment, that the R.V. was licensed to someone who had not owned it in years, indicates that the R.V. was not licensed to the

Appellant, and, therefore, it does not bolster the State's claim that it was owned by Appellant. The jury had ample evidence, exclusive of the State's comments, to support its finding of guilt, so we cannot say that the State's comments were the decisive factor in the jury's decision. It cannot be said on the record before us that the State's comments would constitute plain error had the issue actually been raised on direct appeal.

The motion court's denial of Appellant's Rule 29.15 motion for post-conviction relief is affirmed.[4]

PREWITT and RAHMEYER, JJ., concur.

---

4. The motion court's findings of fact and conclusions of law state that Appellant's claim of ineffective assistance of appellate counsel was not cognizable. This statement is erroneous. However, as pointed out by the State, this court will not reverse the motion court if it reached the correct result, though for the wrong reason. *See Walker v. State,* 34 S.W.3d 297, 301 n. 5 (Mo.App. S.D.2000).