Tommy R. BEWLEY, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 26103.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 22, 2004.

---

**152**

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Leslie E. McNamara, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Presiding Judge.

Tommy R. Bewley ("Movant") appeals from the Circuit Court of Mississippi County's denial of his Rule 29.15 [1] motion for post-conviction relief. We affirm.

The following is a brief description of the facts of the underlying case.[2] Movant and his wife Jewell Bewley ("Dee") sexually abused fourteen-year-old C.H.,[3] a runaway from the Missouri Baptist Children's Home in East Prairie, Missouri, by kissing and touching her body and by Movant having sexual intercourse with her. Other incidents of sexual abuse involved E.T., a mentally challenged young girl less than twelve years of age at the time, and A.T., E.T.'s younger brother who at the time of the abuse was less than ten years of age. Movant and Dee were respite providers, paid by the Missouri Department of Mental Health to baby-sit E.T. and A.T. for their mother. E.T. testified to being touched by Movant, having been forced to have sexual intercourse with him, and having been forced to have sexual intercourse with A.T. E.T. also told a social worker that she and A.T. were forced to watch Movant and Dee "do it." A.T. testified on videotape to being sodomized by Movant and being forced to kiss and lick the private parts of Movant and Dee. He also confirmed that Movant had forced E.T. and he to have sexual intercourse and that he had watched Movant and Dee have

---

1. All rule references are to Missouri Rules of Criminal Procedure (2003) unless otherwise noted.

2. For a more thorough discussion of the facts, see our opinion in *State v. Bewley,* 68 S.W.3d 613, 615–617 (Mo.App. S.D.2002).

3. We use the initials of all the victims in this case to protect their identity.

sexual intercourse. The fourth child to claim abuse at the hands of Movant was A.D., an eight-year-old girl, who said Movant touched her on her chest and between her legs, as well as made her watch movies where the actors "all got in a bed together and they were touching each other."

Movant was tried by the court, without a jury, and convicted of two counts of sexual misconduct in the first degree, pursuant to Section 566.090 [4]; one count of child molestation in the first degree, pursuant to Section 566.067; two counts of endangering the welfare of a child in the first degree, pursuant to Section 568.045, RSMo Cum. Supp. (1998); two counts of statutory sodomy in the first degree, pursuant to Section 566.062; one count of statutory rape in the first degree, pursuant to Section 566.032; one count of statutory rape in the second degree, pursuant to Section 566.034; and one count of statutory sodomy in the second degree, pursuant to Section 566.064. He was sentenced to concurrent terms in the Missouri Department of Corrections of four years for each count of sexual misconduct, four years for each count of endangering the welfare of a child, life for statutory rape in the first degree, six years for statutory rape in the second degree, and six years for statutory sodomy in the second degree. Movant was also sentenced to consecutive terms of ten years for child molestation in the first degree, life for the first count of statutory sodomy in the first degree, and life for the second count of statutory sodomy in the first degree. He directly appealed his convictions to this Court and we affirmed in *Bewley*, 68 S.W.3d 613.

Movant filed a motion seeking post-conviction relief pursuant to Rule 29.15. The motion court issued its findings of fact and conclusions of law denying Movant's mo-tion after an evidentiary hearing. This appeal followed.

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Parham v. State*, 77 S.W.3d 104, 106 (Mo.App. S.D. 2002). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Middleton v. State*, 80 S.W.3d 799, 804 (Mo. banc 2002) (quoting *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000)).

In order for a criminal defendant to be granted post-conviction relief on the basis of ineffective assistance of counsel, the defendant must demonstrate that "his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances, and that he was thereby prejudiced." *Parham*, 77 S.W.3d at 106 (*citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). Prejudice means that there is " 'a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.' " *State v. Shurn*, 866 S.W.2d 447, 468 (Mo. banc 1993) (quoting *State v. Ervin*, 835 S.W.2d 905, 929 (Mo. banc 1992)).

■ Movant presents two points on appeal, both relating to the failure of his trial counsel to call certain witnesses. When the claim of error is failure to call a witness, the "[a]ppellant must show that the outcome may have been different had the witness testified and that counsel's failure to call the witness was something other than trial strategy." *White v. State*, 122 S.W.3d 118, 120 (Mo.App. S.D.2003). It is

---

4. All statutory references are to RSMo (1994) unless otherwise indicated.

virtually impossible to challenge a decision not to call a witness to testify as a matter of trial strategy. *Payne v. State*, 21 S.W.3d 843, 845 (Mo.App. E.D.1999).

■ In his first point, Movant claims that he was denied effective assistance of counsel because his trial counsel failed to call Dr. Claudia Preuschoff ("Dr. Preuschoff") to testify that her examination of E.T. showed no vaginal penetration. Dr. Preuschoff, a pediatrician, testified at the evidentiary hearing on Movant's Rule 29.15 motion. She examined E.T. under sedation after E.T. was uncooperative during a previous SAFE examination. Dr. Preuschoff found no obvious evidence of vaginal penetration in her exam of E.T., though she found that E.T. had trichomonas, a sexually transmitted disease that can be spread through penis to genitalia contact. She stated, however, that "we know now that you oftentimes don't have physical findings even in observed instances [of vaginal penetration]." Dr. Preuschoff testified that the more sexually mature a girl is, the less likely it is for there to be evidence of penetration. The tissues which would show vaginal penetration heal very quickly when there is an injury. Furthermore, Dr. Preuschoff testified that E.T. was "very much along the way towards sexual maturity" at the time of the exam.

Movant's trial counsel also testified at the evidentiary hearing. She stated that she did not call Dr. Preuschoff for strategic reasons because she believed that the doctor's testimony would neither help the defense nor indicate that E.T. had not been raped. The motion court found that calling Dr. Preuschoff would have actually hurt Movant's defense and, furthermore, the decision not to call her was within the wide range of reasonable trial strategy.

On appeal, Movant claims that Dr. Preuschoff's testimony would have bolstered his defense that he was innocent of the charges by showing that E.T. had not been vaginally penetrated, therefore creating reasonable doubt that E.T. had been raped. The State responds by pointing out that Dr. Preuschoff's testimony would not have provided a defense to Movant because of her testimony that a girl of E.T.'s age and maturity may not show evidence of vaginal penetration. According to the State, her testimony would only show what the doctor would expect to find in similar cases of sexual abuse.

■ We agree with the motion court and Movant's trial counsel that Dr. Preuschoff's testimony would not have aided Movant's defense in any substantial way because it would have been evidence that it is not unusual for a young girl of E.T.'s age and maturity to show no physical evidence of vaginal penetration even where penetration had occurred. "When defense counsel believes a witness' testimony would not unequivocally support his client's position, it is a matter of trial strategy not to call him, and the failure to call such witness does not constitute ineffective assistance of counsel." *Winfield v. State*, 93 S.W.3d 732, 739 (Mo. banc 2002). The motion court did not clearly err in denying post-conviction relief to Movant for his counsel's failure to call Dr. Preuschoff. Movant's first point is denied.

■ In his second point, Movant claims that he was denied effective assistance of counsel because his trial counsel failed to call Delberta Taylor ("Taylor"). In an affidavit filed with the motion court, Taylor stated that she knew Jeanetta Taylor, the mother of E.T. and A.T., as well as Movant and Dee. Taylor claimed that E.T. and A.T. caused many disturbances when they lived with their mother, including fighting with and cursing her. She said that the police were constantly being called to the

house. According to Taylor, when Movant and Dee would baby-sit A.T. and E.T., the children appeared to be much better behaved, well-adjusted, obedient, and respectful. An investigator from Movant's trial counsel's office spoke to Taylor, and that investigator's report, part of the record on appeal, contained substantially the same information as Taylor's affidavit. Movant's trial counsel testified that she did not call Taylor as a part of her trial strategy in that she believed that Taylor would not testify to anything that would provide a defense to the State's charges. The motion court found that Taylor was not called because of trial strategy and that her testimony would not have aided the defense.

Movant claims that if called, Taylor's testimony would have shown that A.T. and E.T. were "happier and more comfortable" with Movant and Dee than with their own mother, and that a reasonable probability exists that the trial court's opinion would have been swayed. The State responds by stating that Taylor's testimony would not have provided any viable defense to Movant and would have merely shown that A.T. and E.T. were happier around him. Her testimony would not have provided evidence that Movant did not sexually abuse them. We agree with the motion court that the decision not to call Taylor was a matter of trial strategy and that Movant was not prejudiced as a result. Movant's second point is denied.

The judgment of the motion court is affirmed.

PREWITT and RAHMEYER, JJ., concur.