James **FORTNER**, Movant–Appellant

v.

**STATE of Missouri**, Respondent.

No. 26832.

Missouri Court of Appeals,
Southern District,
Division One.

March 28, 2006.

---

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Victor J. Melenbrink, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

James Fortner (movant) was convicted following a jury trial of sodomy in the first degree. *See State v. Fortner,* 84 S.W.3d 507 (Mo.App.2002). Following incarceration, movant filed a motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. It was denied following an evidentiary hearing. This court affirms.

The information in the underlying criminal case alleged that movant committed the offense of statutory sodomy in the first degree. It alleged that "[movant] had sexual deviate intercourse with S.S., (DOB 11/13/86) to whom [movant] was not married and who was then less than twelve years old."

Five witnesses testified on behalf of the state. In addition to the victim, S.S., the witnesses for the state were her mother, Toby Skaggs, her grandmother, Katherine Heap, Bonnie Mathis, and Lynn Slaussen. Ms. Mathis is a counselor who treated S.S. Ms. Slaussen is a social worker who worked for the Division of Family Services (DFS). She investigated the report that S.S. had been abused.

The evidence was that on January 17, 1997, S.S. told her grandmother "a secret"; that movant had been molesting her. Ms. Heap called the child abuse hotline. A police officer came to Ms. Heap's home following the hotline report. Ms. Slaussen was called the same day. She was assigned the task of investigating the report. Ms. Mathis, a self-employed counselor, began counseling S.S. on January 24, 1997. S.S. was referred to Ms. Mathis by DFS.

S.S. testified about the events on which the criminal charge against movant was based. The other witnesses testified about statements S.S. made to them. Ms. Mathis also testified that S.S. exhibited traits consistent with having been abused.

Movant called one witness at trial, former Phelps County Deputy Sheriff Ricky Dale Brown. Officer Brown took over the investigation from the police department following the determination that the events reported occurred outside the Rolla, Missouri, city limits, in Phelps County. He testified that following his investigation, he arrested movant "for statutory sodomy." Officer Brown was asked if a recording was made of the initial interview of S.S. that Ms. Slaussen and a Rolla police officer conducted. Officer Brown had no knowledge about a recording.

■ Movant raises one point on appeal. He contends the motion court erred in denying his Rule 29.15 motion because he contends he was denied effective assistance of trial counsel. Movant argues that his trial attorney was deficient because he failed to call movant's nephew, Andrew Fortner, as a witness in the criminal case. He argues that Andrew Fortner would have testified that Andrew had never seen movant lavish special attention on S.S. or take her with him to places where he was working as other witnesses had reported. Movant contends that Andrew would have testified that S.S. accused movant of sexually abusing her "because he had beat [sic]

her, not because he had abused her sexually."

The motion court found:

Trial counsel was aware of the existence of Andy Fortner and interviewed him on at least one occasion by telephone and possibly on another occasion in person. [Trial counsel] testified that the results of the interviews led him to conclude that Mr. Andy Fortner's testimony would not be consistent with Movant's expectations and that Andy Fortner's testimony would, at least in part, substantiate the testimony of the complaining witness. Under the circumstances, it was a sound exercise of trial strategy to decline to call Andy Fortner as a witness. Accordingly, trial counsel's actions did not fall below the degree of skill and diligence expected of a reasonably competent attorney....

Movant's trial attorney testified at the evidentiary hearing. He was asked, "So relative to Andy, you don't recall any particular trial strategy for not calling him?" He answered:

Just the fact that he didn't say what [movant] told me he would say when I talked to him. He, I had the idea that when I called Andy Fortner that he would testify that [S.S.] had another reason for making up what she told the police and DFS, which led to the allegation, which were the allegations against [movant], and he didn't, he didn't tell me that on the phone. He told me on the phone that [S.S.] told him it was abuse.

The attorney said the strategy not to call Andrew Fortner was "because what he told [him] on the phone substantiated some of what the witness claimed."

■ "[S]trategic decisions regarding the calling of witnesses that are made after thorough investigation are virtually unchallengeable." *Schmedeke v. State*, 136 S.W.3d 532, 534 (Mo.App.2004). "When defense counsel believes a witness' testimony would not unequivocally support his client's position, it is a matter of trial strategy not to call him, and the failure to call such witness does not constitute ineffective assistance of counsel." *Winfield v. State*, 93 S.W.3d 732, 739 (Mo. banc 2002). *See also Bewley v. State*, 151 S.W.3d 151, 154 (Mo.App.2004).

■ This court defers to the motion court in matters of witness credibility. *Wright v. Rankin*, 109 S.W.3d 696, 698 (Mo.App.2003). The motion court's findings and conclusions are not clearly erroneous. *See* Rule 29.15(j). Movant's point is denied. The judgment denying movant's Rule 29.15 motion is affirmed.

RAHMEYER, P.J., and LYNCH, J., concur.