**STATE of Missouri, Plaintiff–Respondent**

v.

**Dustin D. BURRAGE, Defendant–Appellant.**

**No. 28326.**

Missouri Court of Appeals,
Southern District,
Division One.

July 24, 2008.

Margaret M. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cory Lee Atkins, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Presiding Judge.

Dustin D. Burrage (defendant) was convicted of murder in the second degree, § 565.021,[1] and armed criminal action, § 571.015. The trial was before the court without a jury. This court affirms.

Joseph Bartlett had uttered racial epithets and profanity directed to defendant's grandmother when the grandmother had asked him not to cross her property to buy drugs at a nearby location. Bartlett was white. Defendant's grandmother is African–American.

After defendant learned of the incident that occurred at his grandmother's house, he went to the home of Bartlett's fiancé and shouted threats directed at Bartlett. The threats included that defendant was going to "drop" Bartlett. Several days later Bartlett's body was found in a grassy area across the street from defendant's residence. Bartlett died from a gunshot wound to the back of his head. Powder burns on the body indicated that the weapon that was used to shoot Bartlett was fired less than six inches from Bartlett's head.

Defendant was arrested in Parma, Missouri, by a Poplar Bluff police officer and three Missouri State Highway Patrol officers. Missouri Highway Patrol Sergeant William Cooper read defendant his *Mi-*

---

1. References to statutes are to RSMo 2000.

*randa*[2] rights. Defendant acknowledged he understood those rights. Defendant was transported to the Poplar Bluff, Missouri, police station by Sgt. Cooper and Patrol Sergeant Terry Mills. During the 45–minute drive, defendant told the officers he wanted to talk to them so he could clear his name. Defendant denied any involvement in the shooting.

After arriving at the Poplar Bluff police station, Sgt. Mills again read defendant his *Miranda* rights. Defendant was provided the form that had been read to him for him to sign as an acknowledgment that those rights had been read and that he understood them. Immediately before the line that was provided for his signature was the statement in capital letters, "I UNDERSTAND MY RIGHTS." Defendant signed the form on the line provided for that purpose. Sgt. Mills signed the form as a witness. Sgt. Cooper continued to question defendant.

Defendant first said he left Poplar Bluff before the time of Bartlett's death. He claimed he sold the gun that was used to kill Bartlett to another person; that the person to whom he sold the gun shot Bartlett because Bartlett had struck his little brother. Later, defendant changed his story. Defendant told Sgt. Cooper that Bartlett's death was an accident. Defendant claimed that he and some friends were sitting on the porch at his house; that Bartlett came to the house and threatened the people on the porch; that Bartlett walked into the front yard toward the porch. Defendant said Bartlett was asked to leave; that when he did not, defendant and his friends chased Bartlett away. Defendant had a gun. Defendant said he thought the gun was on safety; that he tried to hit Bartlett with the gun and the gun went off.

Defendant testified at trial. His testimony was consistent with the last statement he had given Sgt. Cooper; that Bartlett had been chased away from defendant's house; that defendant had a gun that went off accidentally when defendant tried to hit Bartlett. Defendant said that he did not know Bartlett died until the next day. When asked about the threats he had made when he went to Bartlett's fiancé's house, defendant said what he meant when he said he would drop Bartlett was that he would be "[f]ighting, knocking somebody out."

Defendant asserts one point on appeal. He contends the trial court committed plain error "in failing to make a *sua sponte* determination of the voluntariness of [defendant's] waiver of rights and subsequent statement to police, in violation of [defendant's] right to be free from self-incrimination and his rights to due process, an attorney and a fair trial."

■ In order for the matter of voluntariness of a defendant's statement to be in issue, the voluntariness of the statement must be properly questioned during the trial proceedings. *State v. Anderson,* 862 S.W.2d 425, 430 (Mo.App.1993); *State v. Hart,* 805 S.W.2d 234, 238 (Mo.App.1991). Rule 24.05 provides that requests to suppress evidence "shall be raised by motion before trial." Defendant did not file a motion to suppress the statements defendant made to the officers who interviewed him either before or at the time of trial; neither did he object to the statements when they were offered in evidence. He did not object to the testimony of the patrolmen to whom he made oral statements, nor did he object to a written statement that Sgt. Cooper had transcribed and defendant signed.[3]

---

**2.** *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** Defendant told Sgt. Cooper that he did not write well and asked Sgt. Cooper to write

■ The claim of error defendant now makes was not an issue at trial. A trial court will not be convicted of error regarding an issue not presented to it. *State v. Evenson*, 35 S.W.3d 486, 491 (Mo.App. 2000); *State v. Ard*, 11 S.W.3d 820, 828 (Mo.App.2000). "[R]easons urged in a brief which were not advanced to the trial court are of no avail." *State v. Stevens*, 467 S.W.2d 10, 18 (Mo.) *cert. denied*, 404 U.S. 994, 92 S.Ct. 531, 30 L.Ed.2d 546 (1971).

■ This court's research revealed no case where a trial court was convicted of error for not making a finding of voluntariness of a defendant's statement when the voluntariness of the statement was not challenged. The trial court committed no error, plain or otherwise, in failing to make a preliminary determination of voluntariness in these circumstances. Defendant's point on appeal is denied. The judgment of conviction is affirmed.

BATES and SCOTT, JJ., concur.

down what defendant said. Sgt. Cooper did so, after which the statement was reviewed by defendant and signed by him. When the statement, State's Exhibit No. 4, was offered in evidence, the trial court inquired whether defendant had any objection to that exhibit. Defendant's trial counsel replied, "None, Your, [sic] Honor."