**Dustin D. BURRAGE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 29872.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 29, 2010.

Alexandra E. Johnson, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Dustin Burrage (Movant) was found guilty of second-degree murder and armed criminal action in a bench trial. His convictions were affirmed on direct appeal. *State v. Burrage,* 258 S.W.3d 560 (Mo.App. 2008). His Rule 29.15[1] post-conviction claims were denied after an evidentiary hearing, and his appeal therefrom raises two points. We affirm.

The facts summarized in *Burrage,* 258 S.W.3d at 561–63, are not important except as follows: Movant's trial defense was that he shot the victim accidentally, so he was guilty of involuntary manslaughter, not murder. Movant's trial counsel (Counsel) so contended in his opening statement and closing argument, and in support of that theory, Movant testified that he and his friends were chasing the victim; Movant had a pistol in his hand; the gun fired accidentally while Movant was trying to hit the victim with it; and Movant did not know he had killed the victim until the next day.

### Point I

■ Movant claims Counsel was ineffective for failing to call Tanisha Richie[2] as a trial witness, and that the motion court clearly erred in finding otherwise. We disagree with Movant for several reasons.

First, Movant failed to show Ms. Richie's availability and willingness to testify at trial, which is fatal to his claim. *See,*

e.g., *Kelley v. State,* 24 S.W.3d 228, 234 (Mo.App.2000).

Second, the motion court correctly found that Ms. Richie's evidentiary hearing testimony, even if believed, did not support the claim in Movant's amended Rule 29.15 motion that Lionel Jones pulled the trigger.

■ Third, Ms. Richie's evidentiary hearing testimony—that she had no reason to think Movant had a gun or shot the victim, and that Movant never left the porch and thus never chased the victim— was contrary to Movant's trial testimony and defense theory.[3] Counsel explained at the evidentiary hearing that his trial strategy was "absolutely" not to call witnesses who would undercut Movant's testimony or accident theory. An attorney is not ineffective for not calling a witness who would contradict the defendant's testimony or undermine the theory of defense. *Maclin v. State,* 184 S.W.3d 103, 110 (Mo.App.2006). Point I fails.

### Point II

■ Movant also claims Counsel tricked him into waiving a jury. The motion court's findings and conclusions on this claim were, in pertinent part:

Four days before the trial, movant appeared before the trial court with his attorney and waived his right to trial by jury. On the day of trial, the court recited in open court on the record that movant had waived his right to a jury trial, and its finding that the waiver was made freely and voluntarily with a full understanding by movant of his rights and the consequences of the waiver. There is no showing that the trial court

---

1. Rule references are to Missouri Court Rules (2008). Statutory cites are to RSMo 2000.

2. Her first and last names are spelled various ways in the record.

3. It also was contrary to Ms. Richie's statement to police, which implicated Movant in the shooting, and which could have been admitted as substantive evidence against Movant if Ms. Richie testified otherwise at trial. *See* § 491.074.

abused its discretion in accepting the waiver. The waiver appears in the record with unmistakable clarity. Movant proceeded to a bench trial without objection, and he did not object to the lack of a jury at sentencing or in his direct appeal. He does not question that he did waive a jury on the advice of his attorney; his claim is that his attorney tricked him into waiving a jury. The court finds that the trial attorney was credible in testifying as to the circumstances of waiving a jury, and the reasons for the waiver. The advice to waive a jury was reasonable trial strategy. Movant did not prove that his attorney tricked or otherwise improperly induced him to waive a jury, and he is not entitled to relief on his claim in paragraph 8(f) of the amended motion.

We will uphold such findings and conclusions unless they are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made. *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000).

We have carefully reviewed the record and find no error, plain or otherwise. Movant alleged that Counsel tricked him into waiving a jury by "saying that he (trial counsel) was on good terms with the judge and could get seven years on a manslaughter charge," but Counsel testified otherwise at the evidentiary hearing. Counsel may have told Movant that he was on good terms with the trial court, since he was on good terms with most judges, but not to suggest that this would result in any favors. Counsel thought the manslaughter argument would sell better to a judge than a jury, and that a bench trial was in Movant's best interest since his confession would probably come into evidence and given "the technicality of the distinction on that felony murder rule issue, ... I

thought a judge or a person of the law would be better able to decide that." Counsel and Movant discussed these strategic decisions and jury waiver, but Counsel flatly denied promising that Movant would get no more than a manslaughter conviction or seven years in prison.

Under no circumstances would I promise anyone what a judge will or won't do. I mean, there's no way I could make that promise, particularly when he's charged with second-degree murder and not manslaughter. The hope was that the judge would agree that there was no underlying felonies to support a second-degree murder charge or conviction and the hope was that the judge would understand that technicality and maybe find him guilty of the manslaughter charge.

The motion court credited Counsel's testimony and was entitled to do so. *Fortner v. State*, 186 S.W.3d 910, 912 (Mo.App. 2006). The findings and conclusions on this issue are not clearly erroneous. We deny Point II and affirm the judgment.

BATES and FRANCIS, JJ., concur.