

# Missouri Court of Appeals

## Southern District

### Division One

WILLIAM SCOTT SOURS,      )
     )
     Movant-Appellant,      )
     )
     vs.      )      No. SD35776
     )      Filed: July 18, 2019
STATE OF MISSOURI,      )
     )
     Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane, Judge

**<u>AFFIRMED</u>**

William Scott Sours ("Sours"), appeals from a judgment of the motion court denying his *pro se* Rule 29.15[1] motion to set aside his conviction of the class C felony of receiving stolen property. Because the motion court's decision to deny relief after an evidentiary hearing was not clearly erroneous, we affirm.

---

[1] All rule references are to Missouri Court Rules (2019).

**Factual and Procedural Background**

We recite the evidence in accord with the motion court's explicit and implicit determinations, including those regarding credibility. *Shockley v. State*, No. SC96633 2019 WL 1614593, at *3 (Mo. banc Apr. 16, 2019). Other information is set forth as necessary for clarity.

On February 21, 2015, Brad McDaniel ("McDaniel") and Michele Johnson ("Johnson") went shopping at The Buckle, a clothing store in Joplin. McDaniel purchased a shirt and a pair of jeans for $231.23, as a birthday gift for Johnson. Afterwards, the couple went to a movie. Johnson left the bag of clothes in the trunk of McDaniel's car (including the receipt), along with her purse and cell phone (a Samsung Galaxy S5 with a "hot pink and teal" Otterbox case and screen protector). The cell phone was in Johnson's purse. Johnson's mother purchased the phone and Otterbox on February 6, 2015, for Johnson's birthday. The cell phone was purchased at a cost of $649.99, and the Otterbox case and screen protector was purchased at a cost of $78.

Upon exiting the movie theater, McDaniel and Johnson discovered that McDaniel's car was broken into. Johnson's bag of clothes from The Buckle (including the receipt), and her purse and cell phone had been stolen.

McDaniel and Johnson reported the break-in to the Joplin Police Department. They gave detailed descriptions of the items stolen, and Johnson gave a value of $649 for the phone as of the night of the theft.

McDaniel went to The Buckle, told the manager what happened, and asked him to call the police if anyone tried to return the clothes.

2

On February 23, 2015 (two days after the break-in and theft), Sours and a co-conspirator walked into The Buckle and attempted to return the stolen clothes, using the stolen receipt. The manager spoke to the two men, then stepped outside and called police.

Officer Wes Massey ("Officer Massey") responded. He arrested both Sours and his co-conspirator. In Sours' pants pocket, Officer Massey found a Samsung Galaxy S5 cell phone in a pink and teal Otterbox. Sours, absent any questions from Officer Massey about the phone, asserted the phone "belonged to his girlfriend." Officer Massey subsequently found the report McDaniel and Johnson had made regarding the car break-in and stolen items. He dialed the number associated with the stolen cell phone, and the recovered phone "started ringing."

On February 24, 2015, Officer Massey filed a probable cause statement asserting that Sours committed the offense of receiving stolen property."[2]

On May 22, 2015, the prosecutor of Jasper County filed an Information charging Sours with the class C felony of receiving stolen property, pursuant to section 570.080,[3] in that

> on or about February 23, 2015, in the county of Jasper, State of Missouri, the defendant, with the purpose to deprive the owner of a Samsung Galaxy S5, received such property, of a value of at least five hundred dollars, knowing or believing that it had been stolen.

---

[2] As relevant here, the probable cause statement listed the following facts in support:

> On 02/23/2015 at 1451 hours, . . . Sours and . . . Reynolds [] were attempting to return stolen items (clothing reference Joplin PD case #15-001526 to the Buckle store. Staff at Buckle called when the transaction matched the information given from the victim, and both subjects were detained when officers arrived. Warrants check on Sours revealed he had Duquesne PD warrants, and during a search incident of his person a cell phone (white Samsung Galaxy with a neon pink and teal Otter box phone cover) was located in his right pants pocket. The phone matched the description of a reported stolen cell phone (Joplin PD case #15-001526), and had matching DEC and HEX numbers . . . given from the reported victim, the phone was valued at over $649. Officer Massey called the listed phone number from the stolen cellular phone . . . and the white Samsung Galaxy with a neon pink and teal Otter box phone cover began to ring.

[3] All references to statutes are to RSMo Cum.Supp. 2011, unless otherwise indicated.

Significant discovery, including numerous depositions, occurred. Sours made several *pro se* filings during this time.[4]

An Amended Information was filed on November 6, 2015, again charging Sours with the class C felony of receiving stolen property, pursuant to section 570.080, in that

> on or about February 23, 2015, in the county of Jasper, State of Missouri, the defendant, with the purpose to deprive the owner of a Samsung Galaxy S5, with an Otter Box case and screen protector, and jeans and shirt from The Buckle, retained such property, of a value of at least five hundred dollars, knowing or believing that it had been stolen.

At a pre-trial conference on November 9, 2015, Sours' counsel made an oral objection to the filing of the amended information. The trial court scheduled argument on Sours' objection for November 16, 2015 (one day before the scheduled jury trial), at which time all pending motions were to be heard.[5]

At the pre-trial conference on November 16, 2015, Sours filed a written "Objection to filing of Amended Information and Motion to Dismiss Amended Information," and the trial court heard argument thereon. Sours' counsel argued that until the amended information was filed, the defense's trial preparation focused on the cell phone only, and that the "additional items" now included in the amended information, violated her "client's . . . due process rights, constitutionally speaking, as well as his rights to know the charges against him and to be able to prepare a proper defense for those charges against him." Defense counsel conceded that "possibly some information at the end of one of the depositions . . . would have included" some information on the additional items, but claimed that defense preparations had been aimed only at defending

---

[4] The record reflects that the trial court made efforts to treat these filings with due consideration, while also recognizing the narrow boundaries of authorized *pro se* actions while represented by counsel. *See* ***Lewis v. State***, 767 S.W.2d 49, 52 (Mo.App. W.D. 1989)

[5] In so ruling, the trial court explained that it was scheduling in this manner because, "I don't know what else to do; okay?" Defense counsel replied, "Okay."

4

against the cell phone allegations, not against the clothing allegations. The prosecutor argued that the amendment was authorized pursuant to Rule 23.08,[6] and that the "clothing was always part of the case, and it had been discussed at the depositions." The depositions included the "owners of the clothing." The trial court rejected Sours' motion.

A jury trial commenced November 17, 2015. Sours did not testify. The jury found Sours guilty of the class C felony of receiving stolen property, and the trial court sentenced Sours, as a prior and persistent offender, to 15 years in the Department of Corrections.

On appeal, this Court affirmed the judgment of the trial court, pursuant to Rule 30.25, in an unpublished opinion in *State v. Sours*, No. SD34296. Mandate issued on December 19, 2016.

On January 31, 2017, Sours timely filed a *pro se* motion, pursuant to Rule 29.15, setting forth seven claims.

On February 9, 2017, the motion court appointed the public defender to represent Sours On March 9, 2017, the motion court granted a thirty-day extension of time in which to file an amended motion. Appointed counsel timely filed an amended motion on May 10, 2017, raising six claims. The amended motion purported to also incorporate the seven claims in Sours' original *pro se* motion by attaching it to the amended motion.

On December 29, 2017, Sours filed a *pro se* motion styled "Motion To Strike Amended Motion." Therein, he requested that the motion court "strike the Amended Motion filed by

---

[6] Rule 23.08 states:

> Any information may be amended or an information may be substituted for an indictment at any time before verdict or finding if:
> (a) No additional or different offense is charged, and
> (b) A defendant's substantial rights are not thereby prejudiced.
> No such amendment or substitution shall cause delay of a trial unless the court finds that a defendant needs further time to prepare a defense by reason of such amendment or substitution.

appointed counsel," allow Sours "to proceed on his claims presented in his pro se motion," and allow Sours "to proceed pro se at his rule 29.15 hearing." Sours also asserted that:

> appointed counsel failed to advance his claims cited in his pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence or advance any claims of ineffective assistance of direct appeal counsel. Further, counsel violated [Rule] 29.15(g) when he incorporated Movant's pro se Motion within the Amended Motion . . . abandoning Movant's claims. In interpreting Rule 29.15, 'the same standards as those used in the construction of statutes' is used. Rohwer v. State, 791 S.W.3d 741, 743 (Mo.App. W.D. 1990). The plain and ordinary meaning of rule 29.15(g) is to mandate the appointment of counsel and 'the amended motion shall not incorporate by reference or attachment material contained in any previously filed motion nor attach or incorporate the pro se motion.' Id. 29.15(g). Movant's appointed counsel clearly has violated Rule 29.15(g) and abandoned Movant's viable claims.

On August 6, 2018, the motion court held an evidentiary hearing.[7] Sours' counsel explained that he had verified with Sours that it was still Sours' "intent and his request to strike the Amended Motion." Counsel explained that this was his first "PCR case," and that he had attached the *pro se* motion to the amended motion, not realizing that the post-conviction rules had changed to prohibit that particular practice. The motion court granted Sours' request to strike the amended motion and to proceed on Sours' *pro se* motion.[8]

The motion court then heard testimony from appellate counsel, trial counsel, and Sours. In relevant part, appellate counsel testified that she had been an appellate public defender for nearly thirty years, and over the course of those thirty years, she had handled "over a thousand" appeals. She identified a copy of the brief she filed, in which she challenged the sufficiency of the evidence and asserted a claim of instructional error.

---

[7] The motion court took judicial notice of both the underlying criminal file, and the appeal file.

[8] There is no indication in the record that the motion court ruled on Sours' request "to proceed pro se at his rule 29.15 hearing." Regardless, he was represented by appointed counsel at the motion hearing.

Appellate counsel testified that she was "certain" that in preparing Sours' appeal, she reviewed the entire transcript, made notes about what objections were raised and objections that were not raised, and reviewed the relevant charging documents. The motion court specifically asked counsel whether there was anything that she missed in Sours' appeal. Counsel replied, "I've raised this issue before. If I thought it would have won, I would have raised it." Appellate counsel agreed that there was no substantive difference between the complaint and the information.

On September 5, 2018, the motion court denied Sours' motion. This appeal followed.

In two points on appeal, Sours asserts the motion court erred in failing to conduct an abandonment inquiry because a presumption of abandonment arose when appointed counsel incorporated Sours' *pro se* motion by attaching it to the amended motion and failed to promptly correct the defect; and that the motion court clearly erred in denying his Rule 29.15 motion because appellate counsel was ineffective for failing to raise on appeal the trial court's denial of Sours' motion to strike the amended information or remand for a preliminary hearing.

**Standard of Review**

This Court reviews the denial of post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made. The motion court's findings are presumed correct. This Court defers to the motion court's superior opportunity to judge the credibility of witnesses.

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence his or her trial counsel failed to meet the *Strickland* test to prove his or her claims. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, Movant must demonstrate: (1) trial counsel failed to exercise the level of skill and diligence reasonably competent trial counsel would in a similar situation, and (2) he was prejudiced by that failure. *Id.* at 687.

Movant must overcome the strong presumption trial counsel's conduct was reasonable and effective. To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell

7

outside the wide range of professional competent assistance. Trial strategy decisions may be a basis for finding ineffective assistance of counsel only if that decision was unreasonable. Strategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable[.]

To establish relief under *Strickland*, a movant must prove prejudice. Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Shockley*, 2019 WL 1614593, at *3 (internal quotations and citations omitted).

## Analysis

### *Point I*

In his first point, Sours argues that the motion court clearly erred in "failing to conduct an abandonment inquiry before proceeding on, and denying, [his] Rule 29.15 motion[.]" Specifically, Sours asserts that "a presumption of abandonment arose when appointed post-conviction counsel incorporated the pro se motion by attaching it to the amended motion and failed to promptly correct the defect when it was brought to his attention[.]" Sours points to the fact that "effective January 1, 2017, Rule 29.15 no longer allows the prior practice of incorporation by attachment," and argues that the effect here was to "render[] the entire amended motion defective[.]"

Counsel made an ineffectual attempt to incorporate Sours' *pro se* claims into the amended motion. Sours wanted to keep his *pro se* claims, and therefore sought and obtained reinstatement of the original *pro se* motion. Sours requested that the amended motion claims be dismissed, and he be allowed to proceed solely on his original *pro se* claims. The motion court gave Sours what he asked for. "[I]t is axiomatic that a defendant may not take advantage of self-invited error or error of his own making." *Miller v. State*, 558 S.W.3d 15, 22 (Mo. banc 2018) (internal quotation and citation omitted).

8

Even if this were not so, abandonment is inapplicable. The amended motion was timely and effectual as filed. *See **Latham v. State***, 554 S.W.3d 397, 403 (Mo. banc 2018). The motion may not have included every claim Sours wanted, but it was sufficient to raise the extant claims within its four corners.

Sours fails to demonstrate that the motion court clearly erred in failing to conduct an abandonment inquiry based on counsel's attempt to incorporate Sours' *pro se* motion in the amended motion, or in denying his *pro se* Rule 29.15 motion. Point I is denied.

### Point II

Sours' second point argues that the motion court clearly erred in denying his Rule 29.15 motion because appellate counsel was ineffective in failing to "raise a claim on direct appeal that the trial court erred in denying [] Sours' motion to strike the Amended Information or remand for a new preliminary hearing."

The motion court's findings on this issue were as follows:

Movant was originally charged with receiving stolen property. The amended information charged the same offense, receiving stolen property. The amended information alleged that Movant not only retained a stolen cell phone, but also a phone case, screen protector, and items of clothing. Movant was not prejudiced by the trial court's decision to allow the filing of the amended information because the parties had completed substantial pretrial discovery as to the value of the items alleged to have been retained by defendant and his co-defendant[.]

Missouri Supreme Court Rule 23.08 provides: 'Any information may be amended . . . at any time before verdict . . . if (a) No additional or different offense is charged, and (b) A defendant's substantial rights are not thereby prejudiced.' This Court finds that the trial court acted within its discretion when it permitted the State to amend its information on November 6, 2015, twelve days prior to trial. The amended information did not allege a new charge, and Movant was not prejudiced.

Furthermore, this Court finds that had this issue been raised on appeal, it would **not** have required reversal, and therefore, Movant has failed to sustain his burden of proof on this issue. As stated in Sanfilippo v. State, 143 SW3d 765, 768, (Mo App SD 2004), '[t]o support a Rule 29.15 motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a

9

claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it.'

It was well within the discretion of the trial court to permit the State to amend its information to conform to the evidence, and that had the issue been raised on appeal, it would **not have required reversal**. Therefore, movant has failed to sustain his burden of proof on this issue.

(Bold in original) (References to trial transcript omitted).

"Appellate counsel 'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.'" *Lopez v. State*, 300 S.W.3d 542, 552 (Mo.App. S.D. 2009) (quoting *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)). Sours' post-conviction appellate counsel testified at the motion hearing. Her credited testimony, and the other credited evidence relevant to the instant claim, indicate as follows: (1) appellate counsel was an experienced appellate attorney who reviewed the entire transcript and all relevant portions of the legal file at issue; (2) she had made notes concerning the possibility of raising a challenge concerning the difference between the information and the amended information, but eliminated that challenge in favor of other challenges on appeal that, in her professional judgment, were more likely to achieve success; (3) appellate counsel was familiar with a challenge of this type because she had raised it before; and (4) based on her professional expertise and review of all relevant documents, appellate counsel did not think this claim would succeed, and therefore did not raise it.

"Where counsel has investigated possible strategies, courts should rarely second-guess counsel's actual choices." *Barton v. State*, 432 S.W.3d 741, 749 (Mo. banc 2014) (internal quotation and citation omitted). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable." *Id.* (quoting *Strickland*, 466 U.S. at 690).

10

Sours fails to demonstrate that the motion court clearly erred in rejecting his Rule 29.15 motion on the basis that appellate counsel was ineffective for failing to present an argument in Sours' direct appeal that the trial court erred in denying Sours' "motion to strike the Amended Information or remand for a new preliminary hearing." Point II is denied.

The judgment of the motion court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS