### STATE of Missouri, Plaintiff–Respondent,

v.

### Alan M. CHILDRESS, Defendant–Appellant.

### No. 26812.

Missouri Court of Appeals, Southern District, Division One.

Nov. 2, 2005.

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Shaun J. Mackelprang, Asst. Atty. Gen., for respondent.

JAMES K. PREWITT, Presiding Judge.

Alan M. Childress ("Defendant") appeals from his convictions following a non-jury trial of first degree burglary, first degree robbery, and armed criminal action. Defendant was sentenced to concurrent terms of five years for first degree burglary, ten years for first degree robbery, and three years for armed criminal action.

On January 27, 2004, Defendant went to Kiondra Ingram's house in Kennett, Missouri to borrow money. Defendant later broke into Ingram's house through a window and demanded more money. When Ingram did not comply, Defendant commenced a struggle and held a box cutter to her face. Defendant took fifteen dollars and left.

Ingram's son, Christopher Bryant, testified that Defendant entered the house through his bedroom window and placed a knife to Ingram's face before taking money lying on the floor. Ingram's daughter, Mika Robinson, testified Defendant and Ingram fought in front of her during the alleged incident. She also testified Defendant took money before he left. Kennett police officer Damon Lockett testified Ingram reported that Defendant entered her home, demanded money, argued with Ingram, and left through the back door.

Ingram testified she and Defendant had spoken since the "first time we had court." She said Defendant called her and told her that she did not have to come to court despite being subpoenaed. Defendant's counsels objected, maintaining they were unaware of this statement and considered it possible evidence of an uncharged crime or bad act. The court overruled the objection.[1]

■ In his only point on appeal, Defendant contends the trial court erred in overruling his objection to Ingram's testimony that he told her she did not have to come to court. Defendant maintains this violated discovery rules, and that "discovery violation impinged upon [Defendant's] rights to due process."

Rule 25.03(A)(2) states that upon written request of a defendant's counsel, the State is to disclose to the defendant's counsel such material and information within its possession or control designated in said request, including any written or recorded statements and the substance of any oral statements. Prior to trial, Defendant's counsel requested discovery of "[a]ny written or recorded statements and the substance of any oral statements made by the defendant."

However, the failure to disclose in discovery the telephone conversation and what Defendant said was not the objection Defendant made at trial, or at least the objection was not clear on this. The record shows:

> MR. HARDIN [Defendant's co-counsel]: Your Honor, Ms. Ingram has testified that [Defendant] had called her and I have never heard from the State or from Ms. Ingram how [Defendant] called her.

---

1. Evidence that a defendant suggested that a witness not testify is admissible as showing a consciousness of guilt. *State v. Hogan*, 748 S.W.2d 766, 770–71 (Mo.App.1988).

MS. RICE [Defendant's co-counsel]: This is a statement we're not aware of and also it is evidence possibly of an uncharged crime or bad act that I do not believe should be allowed into this trial.

■ Counsel is obligated to make specific objections at trial. *State v. Baker*, 103 S.W.3d 711, 716 (Mo.banc 2003). This is so "both the trial court and the appellate court may know specifically what the objections are, and that the appellate court may know that they have been presented to the trial court." *Id.* (quoting *Ayres v. Keith*, 355 S.W.2d 914, 917 (Mo.1962)).

■ "[O]nly an objection made at trial when the evidence is offered will preserve the issue for appellate review." *State v. Schuster*, 92 S.W.3d 816, 822 (Mo.App. 2003). It is incumbent on the objecting party to make the basis of his objection reasonably apparent to the court so that the trial court may correctly rule on it. *State v. Bartholomew*, 829 S.W.2d 50, 53 (Mo.App.1992).

Defendant's point on appeal is premised upon the violation of discovery rules. The objections do not state that there was a discovery violation, and the record does not indicate that the trial court understood that this was a basis for the objections. Defendant has failed to establish that the objection to Ingram's testimony is the same as the contention now raised on appeal. Plain error review is not justified, as the record does not show that manifest injustice or miscarriage of justice has resulted therefrom. Rule 30.20. Defendant's point is denied.

The judgment is affirmed.

PARRISH and RAHMEYER, JJ., concur.