Christopher HUGHES, Appellant,

v.

STATE of Missouri, Respondent.

No. 28130.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 27, 2007.

---

Mark A. Grothoff, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Karen L. Kramer, Jefferson City, for Respondent.

DANIEL E. SCOTT, Judge.

Appellant was convicted of murder for fatally stabbing an unarmed man who was wrestling with one of Appellant's friends. This court affirmed the conviction. *State v. Hughes,* 84 S.W.3d 176 (Mo.App.2002). Appellant thereafter sought Rule 29.15[1] relief, alleging that his trial and appellate counsel were ineffective for not challenging two jury instructions. The motion court denied relief after an evidentiary hearing, finding no *Strickland*[2] prejudice on the claims regarding trial counsel, and that appellate counsel was not ineffective for failing to raise plain error.

Rule 29.15(k) limits our review to whether the motion court's findings and conclusions are clearly erroneous. We can do so only if our review of the whole record firmly and definitely convinces us that a mistake was made. *Harp v. State,* 209 S.W.3d 560, 562 (Mo.App.2007). *Strickland's* two-prong test for ineffective assistance of counsel requires proof that: (1) counsel did not exercise customary skill and diligence of a reasonably competent attorney in similar circumstances; and (2) the movant was prejudiced thereby. *Sams*

---

**1.** Rule references are to Missouri Rules of Court (2007).

**2.** *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*v. State,* 980 S.W.2d 294, 296 (Mo. banc 1998)(*citing Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052). If one prong is not met, we need not consider the other. *Hubbard v. State,* 31 S.W.3d 25, 38 (Mo. App.2000). If it is simpler to dispose of a claim for lack of sufficient prejudice, a court should do so. *Barnum v. State,* 52 S.W.3d 604, 607 (Mo.App.2001).

*Hughes, supra,* describes the killing and surrounding circumstances at considerable length. Appellant and other young men drank and played cards all day at Robert Ross's house. Ross's mother complained about the victim's son and suggested the young men go teach him a lesson. Appellant and four others went to the victim's home to find his son, but encountered the victim first. A war of words developed into a wrestling match between the victim and one of the young men, Dennis Kraus. Appellant returned to the vehicle, got a knife, and hid it in his waistband. He came back and stabbed the victim in the back, severing the victim's spinal cord and killing him.

*Trial Counsel—Self–Defense Instruction*

■ Appellant asserts that trial counsel should have objected to the self-defense instruction. He claims there was evidence that he had withdrawn from the conflict, but the self-defense instruction did not include appropriate language about an initial aggressor who had indicated his withdrawal. The self-defense instruction read as follows:

**Instruction No. 18**

One of the issues in this case is whether the use of force by the defendant against Tracy Joseph Hayes was in self-defense. In this state, the use of force, including the use of deadly force, to protect oneself from harm is lawful in certain situations.

A person can lawfully use force to protect himself against an unlawful attack. However, an initial aggressor, that is, one who first attacks or threatens to attack another is not justified in using force to protect himself from the counter-attack that he provoked.

In order for a person lawfully to use force in self-defense, he must reasonably believe he is in imminent danger of harm from the other person. He need not be in actual danger but he must have a reasonable belief that he is in such danger.

If he has such belief, he is then permitted to use that amount of force which he reasonably believes to be necessary to protect himself.

But a person is not permitted to use deadly force, that is, force which he knows will create a substantial risk of causing death or serious physical injury, unless he reasonably believes he is in imminent danger of death or serious physical injury.

And, even then, a person may use deadly force only if he reasonably believes the use of such force is necessary to protect himself.

As used in this instruction, the term "reasonable belief" means a belief based on reasonable grounds, that is, grounds which could lead a reasonable person in the same situation to the same belief. This depends upon how the facts reasonably appeared. It does not depend upon whether the belief turned out to be true or false.

On the issue of self-defense in this case, you are instructed as follows:

If the defendant was not the initial aggressor in the encounter with Tracy Joseph Hayes, or if he was the initial aggressor and clearly indicated to Tracy Joseph Hayes his withdrawal from the

encounter, and if the defendant reasonably believed he was in imminent danger of death or serious physical injury from the acts of Tracy Joseph Hayes and he reasonably believe [sic] that the use of deadly force was necessary to defend himself, then he acted in lawful self-defense.

The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. Unless you find beyond a reasonable doubt that the defendant did not act in lawful self-defense, you must find the defendant not guilty.

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

Evidence has been introduced of the reputation of the defendant for being violent and turbulent and of the reputation of Tracy Joseph Hayes for being violent. You may consider this evidence in determining who was the initial aggressor in the encounter and for no other purpose.

Evidence has been introduced that Tracy Joseph Hayes had a reputation for being violent, and that the defendant was aware of that reputation. You may consider this evidence in determining whether the defendant reasonably believed he was in imminent danger of harm from Tracy Joseph Hayes.

As to this instruction's second paragraph, Part A[1] of MAI–CR3d 306.06 [3] provides for the following language if there is appropriate evidence:

A person can lawfully use force to protect himself against an unlawful attack. However, an initial aggressor,

that is, one who first (attacks) (or) (threatens to attack) another, is not justified in using force to protect himself from the counter-attack that he provoked.

(A person who is the initial aggressor in an encounter can regain the privilege of using force in lawful self-defense if he withdraws from the original encounter and clearly indicates to the other person his desire to end the encounter. Then, if the other person persists in continuing the incident by threatening to use or by using force, the first person is no longer the initial aggressor, and he can then lawfully use force to protect himself.)

Instruction 18 included the first paragraph, but not the parenthetical material. Trial counsel objected to the first part, claiming Appellant was not the initial aggressor. Trial counsel raised no issue about the parenthetical language, although MAI–CR3d 306.06's Note on Use 4(a) provides for its use if there is evidence that an initial-aggressor defendant withdrew from the encounter. Appellant presumably contends Instruction 18 should have read as follows:

**Instruction No. 18**

One of the issues in this case is whether the use of force by the defendant against Tracy Joseph Hayes was in self-defense. In this state, the use of force, including the use of deadly force, to protect oneself from harm is lawful in certain situations.

A person can lawfully use force to protect himself against an unlawful attack. However, an initial aggressor, that is, one who first attacks or threatens to attack another is not justified in using force to protect himself from the counter-attack that he provoked.

**3.** Instruction references are to Missouri Approved Instructions—Criminal, Third Edition.

*A person who is the initial aggressor in an encounter can regain the privilege of using force in lawful self-defense if he withdraws from the original encounter and clearly indicates to the other person his desire to end the encounter. Then, if the other person persists in continuing the incident by threatening to use or by using force, the first person is no longer the initial aggressor, and he can then lawfully use force to protect himself.*

In order for a person lawfully to use force in self-defense, he must reasonably believe he is in imminent danger of harm from the other person. He need not be in actual danger but he must have a reasonable belief that he is in such danger.

If he has such belief, he is then permitted to use that amount of force which he reasonably believes to be necessary to protect himself.

But a person is not permitted to use deadly force, that is, force which he knows will create a substantial risk of causing death or serious physical injury, unless he reasonably believes he is in imminent danger of death or serious physical injury.

And, even then, a person may use deadly force only if he reasonably believes the use of such force is necessary to protect himself.

As used in this instruction, the term "reasonable belief" means a belief based on reasonable grounds, that is, grounds which could lead a reasonable person in the same situation to the same belief. This depends upon how the facts reasonably appeared. It does not depend upon whether the belief turned out to be true or false.

On the issue of self-defense in this case, you are instructed as follows:

If the defendant was not the initial aggressor in the encounter with Tracy Joseph Hayes, or if he was the initial aggressor and clearly indicated to Tracy Joseph Hayes his withdrawal from the encounter, and if the defendant reasonably believed he was in imminent danger of death or serious physical injury from the acts of Tracy Joseph Hayes and he reasonably believed that the use of deadly force was necessary to defend himself, then he acted in lawful self-defense.

The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. Unless you find beyond a reasonable doubt that the defendant did not act in lawful self-defense, you must find the defendant not guilty.

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

Evidence has been introduced of the reputation of the defendant for being violent and turbulent and of the reputation of Tracy Joseph Hayes for being violent. You may consider this evidence in determining who was the initial aggressor in the encounter and for no other purpose.

Evidence has been introduced that Tracy Joseph Hayes had a reputation for being violent, and that the defendant was aware of that reputation. You may consider this evidence in determining whether the defendant reasonably believed he was in imminent danger of harm from Tracy Joseph Hayes. (Emphasis added.)

Notwithstanding Appellant's present complaint, we noted on direct appeal that there is withdrawal language in Instruc-

tion 18's ninth paragraph ("if [Appellant] was the initial aggressor and clearly indicated to Tracy Joseph Hayes his withdrawal from the encounter, . . ."). *Hughes,* 84 S.W.3d at 181, n. 7. Trial counsel could have argued the withdrawal issue from Instruction 18's language. She never did so, not because of any problem with Instruction 18, but because trial counsel's view of the evidence and theory of the case was different. She never considered Appellant and his companions as initial aggressors because she felt, and still feels, one is not the initial aggressor by using words alone.

Thus, it was not that Instruction 18 kept trial counsel from arguing withdrawal or the jury from considering it, but that trial counsel's view of the case was different. Even if she did not make a conscious choice about the parenthetical language in question, her failure to argue the withdrawal language otherwise in Instruction 18 was due to her theory of defense, and thus strategic in that sense. The motion court noted this inconsistency and that raising the withdrawal issue would have weakened counsel's primary argument that the victim was the initial aggressor.

Further, as noted on direct appeal, evidence of self defense was minimal at best. *Hughes,* 84 S.W.3d at 179, n. 4. Appellant was not fighting with the victim or anyone else. The fight was between the victim and Kraus. Appellant and the others were standing by and watching. Appellant was not attacked in any manner for which he could respond with deadly force. The motion court's finding of no prejudice is not clearly erroneous.

### Trial Counsel—Defense-of-Others Instruction

■ Appellant makes a similar complaint about Instruction 17 (MAI–CR3d 306.08) regarding use of force to defend Kraus. Appellant claims there was evidence that Kraus was the initial aggressor, but withdrew. Appellant argues Instruction 17 could have included withdrawal language, but did not, and that trial counsel therefore was ineffective.

Again, trial counsel testified at the evidentiary hearing that she always considered the victim—not Kraus or Appellant—the initial aggressor. She tried and argued the case solely with that view as to the Instruction 17 and 18 justification defenses. The motion court, as noted above, concluded that arguing withdrawal would have weakened counsel's primary argument that the victim was the initial aggressor.

We also cannot see how the evidence supports persuasively, if at all, Appellant's use of deadly force. Instruction 17 and MAI–CR3d 306.08 bar deadly force unless one "reasonably believes the person he is trying to protect is in imminent danger of death or serious physical injury. And even then, a person may use deadly force only if he reasonably believes the use of such force is necessary to protect the other person." Thus, Instruction 17 allowed Appellant to use deadly force only if he "reasonably believed Dennis Kraus was in imminent danger of death or serious physical injury from the acts of Tracy Joseph Hayes and he reasonably believed that the use of deadly force was necessary to defend Dennis Kraus."

The victim was unarmed at all times, and everyone knew it. Kraus said he and the victim were just wrestling, with no punches thrown, and it was not like the victim was really trying to fight him. Ross saw no need to intervene because Kraus could handle himself. Two of the young men were laughing as they watched Kraus and the victim grapple. Yet,

the evidence was undisputed that Appellant left the area of the confrontation

with the purpose of finding a weapon in his friend's jeep. He then put the knife in the waistline of his shorts, returned to the scene and stabbed an unarmed man in the back with such force to cause a wound six inches in length, which subsequently killed the man.

*Hughes*, 84 S.W.3d at 183. We have searched the record in vain for evidence likely to persuade a jury that Appellant *reasonably* believed the victim had put Kraus in imminent danger of death or serious physical injury, and that Appellant *reasonably* believed deadly force was necessary to defend Kraus. The motion court's finding of no prejudice is not clearly erroneous.

### *Appellate Counsel*

■ Appellant also complains that his appellate counsel failed to challenge Instructions 17 and 18 on direct appeal. Appellate counsel would have had to do so as plain error. Counsel will not be deemed ineffective for failing to raise unpreserved error on appeal. *Holman v. State*, 88 S.W.3d 105, 110 (Mo.App.2002). The motion court did not clearly err in denying these claims.

### *Conclusion*

The motion court's denial of relief was not clearly erroneous. We affirm the judgment. Rule 29.15(k).

PARRISH, P.J., and BATES, J., CONCUR.