Alan **CHILDRESS**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 28338.

Missouri Court of Appeals,
Southern District,
Division One.

March 27, 2008.

**654**

Timothy Forneris, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen, and Shaun J. Mackelprang, Office of Attorney General, Jefferson City, for respondent.

DANIEL E. SCOTT, Judge.

Appellant was convicted in a bench trial of first-degree burglary, first-degree robbery, and armed criminal action. He was sentenced to the minimum statutory prison terms of five, ten, and three years respectively, to run concurrently. After this court affirmed his convictions,[1] appellant sought Rule 29.15 relief, alleging ineffective assistance of counsel. The motion court held an evidentiary hearing and denied the motion.

### Principles of Review

Our review is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). This means our consideration of the whole record must firmly and definitely persuade us that a mistake was made. *Hughes v. State*, 232 S.W.3d 596, 597 (Mo.App.2007). The motion court's findings are presumptively correct. *Phillips v. State*, 214 S.W.3d 361, 364 (Mo.App.2007). We defer to that court's credibility decisions given its superior opportunity to assess the witnesses. *Coday v. State*, 179 S.W.3d 343, 360 (Mo.App.2005).

The two-prong test for ineffective assistance of counsel requires proof that: (1) counsel did not exercise customary skill and diligence of a reasonably competent attorney in similar circumstances; and (2) the movant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hughes*, 232 S.W.3d at 597–98. If one prong is not met, we need not consider the other. *Hughes*, 232 S.W.3d at 598. If it is simpler to dispose of a claim for lack of sufficient prejudice, a court should do so. *Id.* Prejudice means a reasonable probability of a different result but for counsel's unprofessional errors. *Wilson v. State*, 226 S.W.3d 257, 260 (Mo.App.2007).

Appellant renews three claims he made in the motion court. We consider them in reverse order.

---

1. *State v. Childress,* 175 S.W.3d 660 (Mo.App.   2005).

## Jury Trial Waiver

■ Appellant alleges his lawyers misinformed him and induced him to make an unknowing, unintelligent, and involuntary waiver of his jury trial rights, when it was reasonably probable that a jury would have acquitted him.

Appellant testified that his attorneys assured him a seven-year cap (less than the robbery charge's statutory minimum) if he waived jury. Lead trial counsel denied any such discussion. He testified that appellant decided against a jury after considering his lawyers' advice. Counsel explained that "[k]nowing this judge and this case and these witnesses, I felt it was very much in [appellant's] best interest not to have a jury trial." One factor was appellant's desire to testify, which meant a jury would learn he already had at least four prior felony convictions. The record also indicates appellant was not charged as a persistent offender based on his waiver decision. In any event, counsel's testimony repeatedly showed that the waiver decision ultimately belonged to, and actually was made, by appellant.

Generally crediting trial counsel's testimony, rather than appellant's, the motion court found that appellant initially wanted a jury, but changed his mind after counsel advised him of a bench trial's advantages. The court deemed counsel's advice sound strategy, and found that appellant was not misinformed about his jury trial rights or wrongfully induced or coerced to waive them. Appellant did not prove any seven-year cap, and his failure to complain about lack of a jury at trial, at sentencing, or on direct appeal undercut his claim of an involuntary waiver. Rather, the motion court found that appellant waived a jury "knowingly, intelligently, voluntarily, and with unmistakable clarity[,]" and there was no ineffective assistance of counsel relating thereto. Recognizing that court's opportunity and right to judge witness credibility, its findings are not clearly erroneous.

## Failure to Call Witness

■ Appellant claims trial counsel was ineffective in failing to call appellant's mother as an alibi witness. Counsel spoke with appellant's mother before trial and decided not to call her. Counsel concluded she did not establish an alibi, or corroborate or strengthen appellant's testimony, because "she could not account for enough time to make any difference." Counsel thus determined the mother's testimony would not provide a viable defense.

■ The strategic decision not to call a witness is virtually unchallengeable. Wilson, 226 S.W.3d at 261. Appellant had to show, *inter alia*, that his mother's testimony would have produced a viable defense. *Id.* Since trial counsel believed she would not unequivocally support appellants defense, it was trial strategy not to call her, and did not constitute ineffective assistance. *Fortner v. State*, 186 S.W.3d 910, 912 (Mo.App.2006). The motion court agreed and was not clearly erroneous in doing so.

## Failure to Properly Object or Request Mistrial

■ Some background for appellant's remaining point is in order. Appellant was charged and ultimately convicted of breaking into a lady's home, holding a box cutter to her face, and robbing her. *Childress*, 175 S.W.3d at 661. At trial, the victim testified that appellant had called and said she need not come to court despite being subpoenaed. On direct appeal, appellant claimed this testimony was admitted in violation of discovery rules. *Id.* at 661–62. However, we noted that the objections at trial did not assert a discovery violation; thus, appellant had not

shown that his trial objections were the same as his claim on appeal. *Id.* at 662.

Appellant's Rule 29.15 motion, therefore, alleged that trial counsel failed to properly object and request a mistrial for a discovery violation. Appellant claims it was reasonably probable that the trial court would have granted such relief, or alternatively, would have acquitted appellant. The motion court denied this claim, noting the presumption that the trial court was not influenced or prejudiced by inadmissible evidence in non-jury cases "unless the record clearly demonstrates that the trial court considered and relied upon the inadmissible evidence." *State v. Blakey*, 203 S.W.3d 806, 815 (Mo.App.2006). Mistrial being a drastic remedy granted only in extraordinary circumstances, the motion court further found that even if an objection was sustained, there was "no likelihood that the trial court would have granted a mistrial." The motion court concluded that:

> the record does not clearly demonstrate that the trial court considered and relied upon this allegedly inadmissible evidence. The presumption that the trial court was not influenced or prejudiced by the evidence was not rebutted. This court finds that the testimony about [appellant] telling [the victim] not to come to court was insignificant; and it was not sufficient to influence or prejudice the trial court in reaching its findings of guilt. [Appellant] did not suffer a genuine deprivation of his right to effective assistance of counsel such that confidence in the fairness of the trial was undermined.

These findings and conclusions are not clearly erroneous. We are not persuaded that any discovery violation was proven, but assuming one *arguendo*, we too consider the subject testimony insignificant. The record does not suggest it affected the result, and like the motion court, we see no likelihood that a mistrial would be ordered in a bench case in these circumstances.

## Conclusion

Appellant has not firmly and definitely persuaded us that any mistake was made. We affirm the judgment.

PARRISH, P.J., and BATES, J., concur.