**John CROWDER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 28798.

Missouri Court of Appeals, Southern District, Division One.

July 14, 2008.

Mark A. Grothoff, Columbia, for appellant.

**1.** Movant filed his motion *pro se.* Appointed PCR counsel determined that no amended

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert J. (Jeff) Bartholomew, Office of the Attorney General, for respondent.

DANIEL E. SCOTT, Judge.

Appellant ("Movant") was convicted of first-degree assault and armed criminal action, and sentenced to consecutive 30 and 20–year prison terms. On direct appeal, this court affirmed under Rule 30.25(b). *State v. Crowder*, No. SD24603 (Mo.App. November 26, 2002).

Movant filed a Rule 29.15 motion asserting five claims for post-conviction relief.[1] The motion court deemed only one such claim ("Claim A") cognizable under Rule 29.15 and denied relief after an evidentiary hearing thereon.

Movant raises two points on appeal. Our review is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). This standard is met only if our review of the whole record firmly and definitely convinces us that a mistake was made. *Hughes v. State*, 232 S.W.3d 596, 597 (Mo. App.2007).

### Point I

Movant challenges the motion court's denial of his Claim A, which faulted trial counsel for not offering exculpatory evidence of Movant's preexisting hand injury. Movant contends this prejudiced him because such evidence would have shown that he could not have held a gun and could not have shot the victim.

▇▇▇ Counsel is not ineffective for pursuing reasonable trial strategy. *State v. Ferguson*, 20 S.W.3d 485, 508 (Mo. banc 2000), *citing State v. Harris*, 870 S.W.2d 798, 816 (Mo. banc 1994). Counsel has

motion should be filed. *See* Rule 29.15(e).

wide latitude in conducting a defense and may use his best judgment in matters of trial strategy. *State v. Neal,* 849 S.W.2d 250, 258 (Mo.App.1993). Courts will not condemn reasonable use of discretion in such matters. *State v. Hamilton,* 892 S.W.2d 774, 784 (Mo.App.1995). This is because " 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.' " *Harris,* 870 S.W.2d at 816–17, *quoting Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Trial counsel testified at the motion hearing, *inter alia,* that Movant raised the hand injury as a possible defense. She followed up by obtaining Movant's medical consent, getting his file from the treating physician, and reviewing his medical records. She made a strategic decision not to use the information at trial. She doubted, from Movant's medical records, that the physician's testimony would provide a defense. Moreover, Movant was charged with acting in concert with two other persons. Thus, he could be guilty without firing the gun, and a defense based on his hand injury would not have addressed such guilt.

Movant contends that trial counsel's strategy was unreasonable. The motion court specifically concluded otherwise:

> "[Trial counsel's] trial strategy to not use evidence of Defendant's injury was reasonable. [Trial counsel] investigated Movant's injury and determined that medical records and testimony would contradict and refute Movant's claim as to the severity of his condition at the time of the crime. The medical evidence likely would have shown Movant not only to be dishonest, but also that he was capable of pulling a trigger with his dominant right hand. Furthermore, even if a jury believed evidence regard-

ing Movant's injury, they could still conclude Movant not only to be dishonest, but also that he was capable of pulling a trigger with his dominant right hand. Furthermore, even if a jury believed evidence regarding Movant's injury, they could still conclude that Movant could have pulled the trigger of the gun with his right hand despite its injury, that he could have used his left hand to pull the trigger, or based upon the evidence presented at the trial that even if Movant did not pull the trigger he was still guilty of the crimes by acting in concert with his co-defendants."

On the record before us, the motion court did not clearly err in so finding.

## Point II

Movant also complains that the motion court did not enter specific findings and conclusions on his other four claims.

Generalized Rule 29.15 findings will be deemed adequate if they are sufficient for meaningful appellate review. *Morrison v. State,* 75 S.W.3d 893, 896 (Mo.App.2002); *State v. Jackson,* 925 S.W.2d 856, 861 (Mo. App.1996). In light of the motion court's statements at the evidentiary hearing and its docket entry that "all claims except # 8A are not cognizable under Rule 29.15," its finding that Claim A "was the only allegation properly before the court" is sufficient for meaningful review if that conclusion was challenged on its merits, which Movant has not done.

Moreover, findings and conclusions are not required on issues that are not cognizable or cannot be properly raised in a post-conviction motion. *Jackson,* 925 S.W.2d at 861. Movant's other claims of trial error and prosecutorial misconduct generally are of this nature. *See Tisius v. State,* 183 S.W.3d 207, 212 (Mo. banc 2006); *Seibert v. State,* 184 S.W.3d 624, 629 (Mo. App.2006).

## Conclusion

Movant has not firmly and definitely persuaded us that any mistake was made. We affirm the judgment.

PARRISH, P.J., and BATES, J., concur.