Robert JOOS, Appellant,

v.

**STATE of Missouri, Respondent.**

No. SD 29139.

Missouri Court of Appeals, Southern District, Division One.

Feb. 11, 2009.

Mark A. Grothoff, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Office of the Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

Robert Joos ("Movant") appeals the denial of his motion for Rule 29.15 [1] post-conviction relief. His underlying conviction for driving without a valid license was affirmed on direct appeal in *State v. Joos*, 218 S.W.3d 543 (Mo.App.2007),[2] from which we borrow the facts without further attribution.

## Background and Principles of Review

On November 14, 2004, Highway Patrol Corporal Brad Bearden ("Trooper Bearden") was driving through Powell, Missouri, when he saw an unidentified male, whom he later determined to be Movant, sitting in a truck near a closed store. As Trooper Bearden turned around to investigate, Movant drove off. Trooper Bearden followed Movant, and activated his lights because he could not read Movant's license plate, and Movant was driving in the middle of the road. When Movant did not pull

---

1. Rule references are to Missouri Court Rules (2007).

2. This represents Movant's third conviction, and at least his fourth citation, for driving without a license. *See Joos*, 218 S.W.3d at 546 ("*Joos II*"); *State v. Joos*, 120 S.W.3d 778, 780 (Mo.App.2003)("*Joos I*").

over, Trooper Bearden pursued him with both his lights and siren activated. During the pursuit, Movant was traveling anywhere from thirty-five to fifty miles per hour, swerving at times toward the left side of the road. At one point, Movant forced an oncoming truck to pull to the side of the road. After being pursued for several miles, Movant reached his property and stopped near a cluster of trailer homes and outbuildings.

As Movant got out of the truck, Trooper Bearden drew his gun and ordered Movant to come towards him. Movant, who was very animated and agitated, began yelling at Trooper Bearden, telling him that he wanted witnesses so Trooper Bearden would not beat him up. Movant also told Trooper Bearden that he did not have the authority to stop him or arrest him without a search warrant or court order.

After taking off his coat and emptying his pockets, Movant approached Trooper Bearden, and was arrested without further incident. Movant was taken to jail, where Trooper Bearden discovered that Movant again did not have a driver's license.

A jury found Movant guilty of resisting arrest and driving without a valid license. This court reversed the former conviction, but affirmed the latter (*Joos II, supra*), which Movant then challenged under Rule 29.15.

Movant's amended Rule 29.15 motion asserted ten grounds for relief. All were denied after an evidentiary hearing. This court is limited, by Rule 29.15(k), to determining whether the motion court's findings and conclusions are clearly erroneous. We may reverse only if our review of the whole record firmly and definitely convinces us that a mistake was made. *See Hughes v. State,* 232 S.W.3d 596, 597 (Mo. App.2007).

### Movant's Claim and Analysis

Movant's sole appeal point asserts that trial counsel was ineffective [3] for not seeking to quash the venire, after three members indicated they had heard of the case and opined that Movant was guilty. Movant claims that such remarks tainted the panel, and if trial counsel had moved to quash the panel, it was reasonably probable that the trial court would have done so.

■ The motion court, however, noted that the three panelists in question were excused and did not sit on the jury. Moreover, none of them provided details about what they had heard. Furthermore, the rest of the jury panel was questioned about fairness and outside influence, and indicated they could decide the case based upon the evidence. Noting the trial court's broad discretion, the motion court observed that Movant had to "establish that had the motion been made the trial court would have granted it, and under these circumstances it is unlikely," and concluded that Movant's arguments were "without merit."

■ A motion court's findings are presumptively correct. *Phillips v. State,* 214 S.W.3d 361, 364 (Mo.App.2007). In this case, they carry special weight since the motion court also was the trial court, and

---

**3.** The test for ineffective assistance of counsel requires proof that (1) counsel did not exercise customary skill and diligence of a reasonably competent attorney in similar circumstances, and (2) the movant was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hughes,* 232 S.W.3d at 597–98. If one prong is not met, we need not consider the other. *Hughes,* 232 S.W.3d at 598. If it is simpler to dispose of a claim for lack of sufficient prejudice, a court should do so. *Id.* Prejudice means a reasonable probability of a different result but for counsel's unprofessional errors. *Wilson v. State,* 226 S.W.3d 257, 260 (Mo.App.2007).

thus was best positioned to determine if such remarks warranted the venire's quashal. *See State v. Taylor*, 166 S.W.3d 599, 608 (Mo.App.2005). *See also State v. Smulls*, 935 S.W.2d 9, 19 (Mo. banc 1996); *State v. Evans*, 802 S.W.2d 507, 514 (Mo. banc 1991).[4]

Movant does not challenge these motion court findings (*e.g.*, that they are not supported by the record, or are in any other manner clearly erroneous), nor even mention or discuss them in his brief. As this court noted in *Dismang v. State*, 207 S.W.3d 663 (Mo.App.2006):

> The motion court is required to make findings of fact and conclusions of law on all issues raised by a Movant in a motion for post-conviction relief. This requirement is not a mere formality. Appellate review of the motion court's denial of postconviction relief motion is not a de novo review; rather, the findings of fact and conclusions of law of the motion court are presumptively correct. Where, as in this case, a movant totally ignores the specific findings of the motion court, we have no choice, based upon their presumptive correctness, other than to find that they are not clearly erroneous.

*Id.* at 670 (internal citations and quotation marks omitted).

## Conclusion

We are not definitely and firmly persuaded that a mistake was made, nor are the motion court's findings and conclusions clearly erroneous. We affirm the judgment. Rule 29.15(k).

BARNEY and BATES, JJ., concur.

---

[4]. The motion court's ruling also is supported by, and consistent with, trial counsel's deposition testimony admitted at the evidentiary hearing:

> The fact is, is that Robert Joos is fairly well known down in McDonald County, and we set, I think, around 75 to 78 panel members because we were worried about that.
>
> They didn't go too far into detail of what they heard, and the religious issue wasn't even a part of our strategy. We weren't arguing his religious rights.

I didn't think it went beyond or even got enough—that's what the thing is; can you be fair? Can you be impartial?

Everyone else said, "Hey, I can be. I can listen to the instructions, wait until I hear all the evidence, and then I'll make a decision."

The four people that said they couldn't we got rid of. I didn't think it changed the rest of the pool.