Jerry KEIGHTLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 29405.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 12, 2009.

---

Mark A. Grothoff, Columbia, for Appellant.

Chris Koster, Atty. Gen., Richard A. Starnes, Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Appellant ("Movant") was charged with statutory rape and two counts of statutory sodomy, found guilty on all counts, sentenced as a persistent offender, and lost his direct appeal. *See State v. Keightley*, 147 S.W.3d 179 (Mo.App.2004). His Rule 29.15 post-conviction motion, alleging ineffective assistance of counsel, was denied after an evidentiary hearing. Movant appeals, claiming that his trial counsel should have objected to an allegedly improper closing argument (Point I), and missed opportunities to show additional inconsistencies in the victim's statements and thereby cast doubt on her credibility (Points II and III).

### Principles of Review

To prove ineffective assistance of counsel, Movant must show that (1) counsel did not exercise customary skill and diligence of a reasonably competent attorney in similar circumstances, and (2) Movant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hughes v. State*, 232 S.W.3d 596, 597–98 (Mo.App. 2007). Prejudice means a reasonable probability of a different result but for counsel's unprofessional errors. *Wilson v. State*, 226 S.W.3d 257, 260 (Mo.App.2007). If one *Strickland* prong is not met, we need not consider the other. *Hughes*, 232 S.W.3d at 598.

Our review is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). This standard is satisfied only if, from reviewing the entire record, we are definitely and firmly impressed that a mistake was made. *Roper v. State*, 233 S.W.3d 744, 746 (Mo. App.2007).

### Findings and Conclusions; Prejudice

Characterizing most of Movant's claims as "second-guessing trial counsel,"[1] the motion court found, *inter alia*, that (1) counsel's strategy to portray the victim as a liar was reasonable; (2) counsel sought to impeach the victim with a number of her prior inconsistent statements; (3) these inconsistencies and the victim's mental "slowness" were obvious to the jury; but (4) Movant's complaints that counsel

---

1. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, *quoted in Chaney v. State*, 73 S.W.3d 843, 847 (Mo.App.2002). Thus, our "scrutiny of counsel's performance must be highly deferential," indulging "a strong presumption" that counsel's conduct was reasonable, and making "every effort ... to eliminate the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time." *Chaney*, 73 S.W.3d at 847 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, and *Bright v. State*, 4 S.W.3d 568, 569 (Mo.App.1999)).

should have further or otherwise impeached the victim:

> fail[ed] to acknowledge that the victim's testimony, though not always consistent, was strongly corroborated by the DNA evidence. Trial counsel tried to attack the reliability of the DNA evidence, but was not successful. In the Court's opinion, it was the DNA evidence that was most persuasive and led to Movant's conviction. Thus, any additional inconsistencies in the victim's testimony would not have changed the outcome of this trial.

Specifically as to whether counsel should have cross-examined one witness about the victim's alleged failure to mention anal sex (Point II), the motion court reiterated:

> During [the victim]'s testimony, it was obvious to the jury that [she] was "slow" and she was shown to have some inconsistencies in her statements. These were not crucial to the jury because it was apparent that the victim's mental functioning was not that of the average 17–year–old girl. Establishing this additional inconsistency would have no impact on the outcome of this trial and trial counsel was not ineffective in failing to elicit this one additional piece of potentially impeaching evidence.

Addressing the Point III claim that counsel did not "adequately impeach" the victim with her deposition, the motion court found the proposed impeachment not "so compelling, or so significantly different from the impeachment that trial counsel did attempt, that a different result would have occurred." Finally, while primarily addressing failure of *Strickland*'s first prong, the motion court also found that the closing argument challenged in Point I was not a decisive factor in the verdicts.[2]

### Analysis

An extended opinion is unnecessary. We cannot declare clearly erroneous the motion court's findings and conclusions, including that the DNA evidence "was most persuasive and led to Movant's conviction;" thus, no prejudice flowed from Movant's complaints. The motion court well could so conclude since it also was the trial court. Thus, it had observed the jury and could personally evaluate the effect and persuasiveness of testimony, evidence, and arguments. Yet even the cold record convincingly supports the motion court. Sperm recovered from the victim's underwear matched Movant's DNA profile, the random chance of which was one in 141,-600,000,000,000,000 (141 quadrillion, 600 trillion). This damning proof[3] corroborated the victim and neutered defense efforts to paint her as a liar. Since the motion court properly deemed inconsequential Movant's complaints, we can dispose of them for lack of prejudice and should do so. *See Hughes*, 232 S.W.3d at 598.

We are not definitely and firmly persuaded that a mistake was made. The motion court's findings and conclusions are not clearly erroneous. Judgment affirmed. Rule 29.15(k).

RAHMEYER, J., and LYNCH, P.J., Concur.

---

2. The theoretical gap between an outcome-determinative standard and *Strickland* prejudice is significant "only in the rarest case." *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

3. Since it is mathematically obvious that this number dwarfs human population past and present, this was tantamount to proof that Movant (who did not testify) was the only man in world history who could have been responsible.