**Charles R. HARDY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 29650.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 10, 2010.

circuit court should assess sentence in accordance with that required of a class C felony for a persistent offender. *Id.*

Craig A. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

A jury found Charles Hardy (Movant) guilty of first-degree murder. After this court affirmed the conviction,[1] Movant filed a *pro se* Rule 29.15[2] motion alleging some 43 grounds for post-conviction relief. Per Rule 29.15(e), appointed counsel filed a five-claim amended motion, but also "incorporate[d] by attachment all of [Movant's] *pro se* claims."[3] The motion court denied relief after an evidentiary hearing. Movant's appeal raises two points.

### Failure to Impeach re Victim's Location When Shot

We need not detail the facts summarized in *Hardy*, 197 S.W.3d at 251–52, 253. Movant shot John Belfield with a high-powered rifle from 25 to 45 feet away as Belfield left a friend's house. The only issue at trial was Movant's claim of self-defense. *Id.* at 253. Witness Zimmermann testified at trial that Belfield was shot as he exited the house, but indicated in prior statements that the shot may have been three or four seconds later.[4]

---

1. *State v. Hardy,* 197 S.W.3d 250 (Mo.App. 2006).

2. Rule references are to Missouri Rules of Court (2008).

3. A far "better practice is for counsel to include the claims from movant's earlier *pro se* motions within the body and text of counsel's amended motion" to assure compliance with counsel's duty to supplement and perfect the *pro se* allegations. *Reynolds v. State,* 994 S.W.2d 944, 946 (Mo. banc 1999).

4. At preliminary hearing, Zimmermann testified that Belfield was shot three or four seconds after he opened the door. In a videotaped statement to police, Zimmermann said Belfield walked out the door, followed by a

Movant claims trial counsel (Counsel) was constitutionally ineffective for not impeaching Zimmermann with these inconsistencies. This means Movant must prove (1) Counsel did not exercise the customary skill and diligence of a reasonably competent lawyer in similar circumstances, and (2) Movant was prejudiced thereby. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Childress v. State*, 248 S.W.3d 653, 654 (Mo.App.2008). If one prong is not met, a court need not consider the other. *Childress, supra.* If it is easier to dispose of a claim for lack of prejudice, a court should do so. *Id.* Prejudice means a reasonable probability of a different result but for counsel's unprofessional errors. *Id.*

■ The motion court, who also had been the trial judge, found that neither *Strickland* prong was proved:

> Trial counsel conducted a vigorous cross-examination of witness Zimmermann, and considering the context of the entire cross-examination, the issue of whether counsel asked particular questions does not show any ineffectiveness on the part of trial counsel. Counsel conducted an effective and thorough cross examination. Movant has shown no reasonable probability that had trial counsel, in addition to the cross examination she made, also tried to impeach on these points, the outcome of the case would have been different and jury would have returned a verdict on a lesser offense, or a verdict of not guilty. Movant has not met the burden of either component of the *Strickland* test on this point.

Rule 29.15(k) limits us to determining if this was clear error; *i.e.,* whether the record firmly and definitely convinces us that

woman who was 75% out the door when a

the court made a mistake. *See Tinsley v. State*, 258 S.W.3d 920, 924 (Mo.App.2008).

■■ Movant claims clear error in that Counsel allegedly admitted that the "changes" in Zimmermann's testimony hurt Movant's defense, and there was no strategic reason not to impeach Zimmermann. Movant reads Counsel's "admissions" too broadly. Counsel did note some differences, but testified that she thought Zimmermann's testimony at preliminary hearing, deposition, and trial "were pretty consistent." While there was no "particular reason" not to point up inconsistencies, Counsel believed "the best way to attack" Zimmermann's testimony was to show he fled the scene without making a report. Courts cannot find trial counsel ineffective for choosing one reasonable strategy over another. *See Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009).

■ Further, the motion court correctly ruled that Movant did not show prejudice; *i.e.,* that such impeachment would have provided a defense or changed the trial's outcome. *See Collins v. State*, 226 S.W.3d 906, 912 (Mo.App.2007). Movant argues that in his self-defense theory, Belfield was attacking with a knife, so another three or four seconds before the shot "would have been more helpful." However, the motion court found no reasonable probability of a different result. We agree. The trial evidence against Movant "was overwhelming." *Hardy*, 197 S.W.3d at 253.

> All of the evidence indicated that Appellant fired a high-powered rifle at Belfield ... from 25 to 45 feet. If Appellant thought the victim had a knife, it was a kitchen knife that matched the knives in Appellant's home and the victim was not within striking distance of Appellant. The evidence further indicated that Appellant would not have

shot rang out.

been able to see a knife in the evening had Belfield been carrying one. Additionally, although Appellant testified that Belfield kicked in his door, there was no sign that Appellant's door was kicked in. Appellant's actions in repeatedly visiting the crime scene after the shooting indicated that Appellant was not repentant. He was unconcerned at best, callous at its worst.

*Id.* The record does not firmly and definitely convince us that the motion court erred in rejecting this claim.

### Sufficiency of Findings and Conclusions

■ The motion court found that Movant's 43 *pro se* claims were:

either addressed by the amended motion filed by motion counsel, or consist of a litany of complaints regarding trial counsel's failure to object to various matters during the trial or Movant's perceived violations of discovery issues. Insofar as these matters were not addressed by motion counsel's amended motion, they are not meritorious, or were not addressed by testimony or other evidence at the motion hearing.

Where no evidence is adduced at hearing regarding a particular point, Movant has not met his burden of proof, and the point is deemed to be abandoned.

Trial counsel is not expected to make objections that are not supported by the facts or the law, and thus are not meritorious. It is not deemed ineffective assistance of counsel to not make non-meritorious objections.

Therefore, the claims that defense counsel was ineffective in this regard are without merit.

Movant calls this ruling "clearly erroneous because it did not comply with Rule 29.15(j)," which requires findings of fact

and conclusions of law "on all issues presented."

■ We disagree. The quoted ruling is a predictable consequence of incorporating a 72–page *pro se* Form 40 by attachment. Perhaps motion counsel's caseload gave him little time to parse 43 *pro se* claims, but the same could be said for the motion court. "Better practice" was ignored in presenting these claims; we will not condemn the motion court solely because 43 separate rulings may have been "better practice" too. There is no precise form or formula for findings of fact and conclusions of law. Generalized findings are sufficient unless they impede meaningful appellate review. *See State v. Taylor*, 929 S.W.2d 209, 223–24 (Mo. banc 1996).

Movant cites no specific claim as having been ruled inadequately or in error. The record supports the motion court's finding that the *pro se* claims not addressed by the amended motion either lacked merit or were not proven. By our count, Movant did not testify or offer proof on 26 of his 43 *pro se* claims. The record does not warrant relief and/or prove prejudice on the other *pro se* claims. The court's ruling is no exemplar, but it is adequate for this case.

Observation has shown that there have been very few second appeals after the findings are made on remand despite what experience tells us are probably few changes on the merits in the new order. We suspect that this is so because often there was substantial evidence in the record to support findings in favor of the non-appealing party.

*Wilson–Trice v. Trice*, 191 S.W.3d 70, 72 (Mo.App.2006). To insist upon more specific findings and conclusions would mean "a substantial waste of judicial time ... with no substantive changes in the court's

eventual judgment." *Id.* Point denied. Judgment affirmed.

LYNCH, P.J., and RAHMEYER, J., concur.